IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:21cr54 (DJN)

SHADONTA LATEEF BEANE,
Petitioner.

### MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding pro se, has submitted a motion pursuant to 28 U.S.C. § 2255. ("§ 2255 Motion," ECF No. 51.) Petitioner notes that her appeal is pending. It is well-settled, however, that a motion under § 2255 should not normally proceed while an appeal from the conviction is pending. *See* 3 Charles A. Wright, *et al.*, Federal Practice and Procedure Criminal § 597 (3d ed. 2008); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Advisory Committee's Note to Rule 5 (explaining that "the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances" (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). Accordingly, by Memorandum Order entered on August 8, 2023, the Court directed Petitioner to show cause within twenty (20) days as to why her § 2255 Motion should proceed during the pendency of Petitioner's direct appeal. (ECF No. 52.) The Court explained that a failure to do so would result in the dismissal of Petitioner's motion without prejudice to re-file after Petitioner's conviction becomes final.

More than twenty (20) days have elapsed, and Petitioner has not responded. Accordingly, the § 2255 Motion will be DISMISSED WITHOUT PREJUDICE. When Petitioner's conviction becomes final, she may file any § 2255 motion.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Beane has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Beane.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 22, 2023